**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | | |
|---|---|---|
| COREY ASHE,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW MCFARLANE; TYRONE OLIVER; Commissioner; SPECIAL UNIT COBRA TACTIC SQUAD (JOHN DOE(S)); MS. HUNT, Unit Manager; MS CHAMBER, LT; MR. WILCOX, Unit Manager; COMMISSIONER'S DESIGNEE(S) (JDS) AND (JR), real or whole name unknown, employed at State Offices South at Tift College, Supervisors over Telfair State Prison Affairs; and LT. RADSORD,<br><br>Defendants. | * | CV 326-040 |

| | | |
|---|---|---|
| COREY CORNEILUS ASHE,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW MCFARLANE; TYRONE OLIVER; JOHN DOES, tactic unit; MS. HUNT; MS. CHAMBERS; MR. WILCOX; DESIGNEE (JDS); and DESIGNEE (JR),[1]<br><br>Defendants. | * | CV 326-057 |

[1] The Court **DIRECTS** the **CLERK** to update the docket in accordance with the above caption, which is consistent with Plaintiff's Complaint. CV 326-057, doc. no. 1, at 1, 3.

# O R D E R

## I. BACKGROUND

On June 15, 2026, Plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983, as well as a motion to proceed *in forma pauperis* ("IFP"). Ashe v. McFarlane, CV 326-040, doc. nos. 1, 2 (S.D. Ga. June 15, 2026) ("CV 326-040"). The next day, the Court entered an order holding his motion to proceed IFP in abeyance pending Plaintiff filing an amended complaint establishing his entitlement to the imminent danger exception. (Id., doc. no. 5.) On July 8, 2026, the Court received an amended complaint dated May 26, 2026. (Id., doc. no. 6.) On August 12, 2026, and August 20, 2026, the Court received two requests to extend his time to respond to the June 16th Order. (Id., doc. nos. 11 & 12.) These two filings stated that Plaintiff did not timely receive his court mail and requested an extension of time to respond to the June 16th Order. (See id., doc. no 12 (noting that June 16, 2026 Order "was received by Hays State Prison and Plaintiff on August 6, 2026 [sic] almost 2 months late").)

On August 12, 2026, Plaintiff filed a similar complaint in the Rome Division of the Northern District of Georgia raising nearly identical concerns. Ashe v. McFarlane, CV 426-240, doc. no. 1 (N.D. Ga. Aug. 12, 2026). United States Magistrate Judge John H. Rains IV transferred that case to this district on August

17, 2026, and a new case was opened on August 18, 2026. Ashe v. McFarlane, CV 326-057, doc. no. 5 (S.D. Ga. Aug. 18, 2026) ("CV 326-057"). For the reasons described below, the Court concludes consolidation is warranted because the Complaint in CV 326-057 concerns the same claims against the same Defendants already sued in CV 326-040.

## II. CONSOLIDATION OF CV 326-40 AND CV 326-057

Upon review of Plaintiff's filings in CV 326-040 and CV 326-057, the Court has determined consolidation is warranted because the complaints in both cases concern the same events that occurred at Telfair State Prison.[2] Moreover, Plaintiff explained in a recent filing in CV 326-040 that he filed his case in the Northern District because he was not receiving responses from this Court as swiftly as he desired. (See doc. no. 12, at 1 (stating "Plaintiff Filed a 3rd complaint with [sic] seeking help the Rome Division to Forward the Complain [sic] in the hope to receive a response back on these same issues").)

Federal Rule of Civil Procedure 42 provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

[2] In both cases, Plaintiff asserts he was moved to a single man cell on December 11, 2024, where he was attacked by unknown masked men, and the Warden and other members of the prison administration were aware of the attack. (CV 326-040, doc. no. 1, at 5-6, doc. no. 6, at 6-7; CV 326-057, doc. no. 1, at 4-5.)

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Rule 42 "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotations omitted). The decision to consolidate cases is committed to the sound discretion of the trial court. Id.; see also Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) ("A district court's decision under Rule 42(a) is purely discretionary."). Because the above-styled cases involve the same questions of law and facts, they should be consolidated. See Falcetta v. Credit Collection Servs., No. 1:20-CV-1990-AT-JCF, 2020 WL 10046094, at *1 (N.D. Ga. Nov. 20, 2020) (consolidating multiple actions concerning same events).

In light of the foregoing, the Court **DIRECTS** the **CLERK** to **CONSOLIDATE** CV 326-040 and CV 326-057, **TERMINATE** any pending motions in CV 326-057, and **CLOSE** case CV 326-057. Plaintiff's case shall proceed **ONLY** as CV 326-040, and any future filings shall be captioned and filed under CV 326-040.

## III. PLAINTIFF MUST FILE AN AMENDED COMPLAINT

As an initial matter, the Amended Complaint (dated July 8th) was not filed in response to the Court's June 16th Order because it was signed on May 26, 2026, well before the June 16th Order was entered. (CV 326-040, doc. no. 6, at 8.) Likewise, the motions for extension of time to answer do not include either a proposed amended complaint addressing the June 16th Order or reference the July 8th Amended Complaint. (CV 326-040, doc. nos. 11, 12.) Given the factual circumstances of this case, as well as Plaintiff's request for additional time, the Court will not treat the July 8th Amended Complaint as responsive to the Court's June 16th Order. Instead, to keep the case streamlined in this newly consolidated action, the Court **DIRECTS** Plaintiff to file a single amended complaint within fourteen days from the date of this Order addressing the issues discussed in the June 16, 2026 Order and reiterated below. As a result, his motions for an extension of time to file his answer are **DENIED** as **MOOT**. (CV 326-040, doc. nos. 11, 12).

### A. Plaintiff Has Three Strikes Under § 1915(g)

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions,

> while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

Plaintiff concedes he previously had at least three cases dismissed as frivolous, malicious, or for failure to state a claim. (CV 326-040, doc. no. 1, at 3.) Indeed, his proposed amended complaint lists twelve cases which he has filed in federal court. (Id., doc. no. 6, at 3.) A review of Plaintiff's history of filings confirms he has brought at least three actions or appeals that were dismissed and count as strikes: (1) Ashe v. Clayton Cnty. Sheriff

Dep't, No. 1:15-cv-02759-AT, doc. no. 4 (N.D. Ga. Sept 24, 2015) (dismissed for failure to state a claim); (2) Ashe v. Clayton Cnty. Dist. Att'y Off., No. 1:15-cv-2502-AT, doc. no. 8 (N.D. Ga. Aug. 10, 2015) (dismissed for failure to state a claim); and (3) Ashe v. Unnamed Defendant, No. 1:14-cv-02683-AT, doc. no. 6 (N.D. Ga. Nov. 10, 2014) (dismissed for failure to state a claim). See also, e.g., Ashe v. Trinity Food Serv., No. 1:11-cv-00171-RLV, doc. no. 8 (N.D. Ga. Mar. 30, 2011) (dismissed for failure to state a claim). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to §1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

**B. It is Unclear Whether Plaintiff Qualifies for the Imminent Danger Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). The Court must consider "not whether each specific physical condition or symptom complained of might constitute serious injury, but, rather, whether the complaint, as a whole, raises sufficient allegations." Wright v. Sprayberry, 817 F. App'x 725, 728 (11th Cir. 2020) (*per curiam*) (citing Mitchell, 873 F.3d at 874). General or conclusory

allegations are insufficient to satisfy the imminent danger exception. See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (citing as persuasive Eighth Circuit case law that general assertion of two episodes of working in inclement weather as basis for claim defendants were attempting to kill an inmate "is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). Moreover, complaints of past injuries or vague claims of possible danger are insufficient to satisfy the exception. Jones v. Oliver, No. 7:24-cv-00097, 2024 WL 4933336, at *1 (M.D. Ga. Dec. 2, 2024). "The alleged imminent injury must be sufficiently serious: It must be severe or life-threatening," and the imminent danger exception is to be applied only in genuine emergencies. Id. (internal citations and quotation marks omitted).

In his Complaint, Plaintiff alleges he was attacked by a masked special agent Cobra unit of officers which were sent by Commissioner Oliver to commit assault and battery against him. (CV 326-040, doc. no. 1, at 5.) He alleges that the attack was retaliation for filing legal paperwork against government officials. (Id.) He claims he has been improperly placed in administrative segregation since February 2024 because of this scheme. (Id. at 8.) He claims that he has had continual visits for the last 17 months from the masked men who attack him and argues that he fears for his life and has

become mentally ill. (Id.) At the same time, however, his filings also suggest that the attacks were confined to his stay at Telfair State Prison of which he is no longer a resident. For example, in his "Motion to Proceed Under Imminent Danger of Serious Physical Injury Exception," it appears that while he continues to suffer from the aftereffects of the alleged assaults, those assaults are no longer ongoing. (Id., doc. no. 4.) Moreover, his more recent filings note that the last attack was on March 24, 2026. (Id., doc. no. 8, at 2.) As the Court cannot discern whether Plaintiff meets the imminent danger exception, the Court will grant Plaintiff an opportunity to submit an amended complaint detailing whether the assaults he has experienced remain ongoing at his present place of incarceration. Because the Court is granting Plaintiff the opportunity to provide detail on whether he meets the imminent danger exception, his Motions to Proceed under Imminent Danger of Serious Physical Injury Exception (CV 326-040, doc. nos. 4, 8) are **DENIED** as **MOOT**.

## IV. INSTRUCTIONS

Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document including his allegations of ongoing assaults (if any), within fourteen days of the date of this Order. The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the

Southern District of Georgia, stamped with CV 326-040, to Plaintiff's service copy of this Order. The statement of claim must not exceed six handwritten pages attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that []he was to re-draft [his] complaint to make it more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the instructions in this Order. The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the

alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his amended complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order and that amended complaint must be filed in CV 326-040. The Court will not consider an amended complaint filed in CV 326-057. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for

awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine whether Plaintiff has sufficiently alleged imminent danger and which, if any, claims are viable, and which, if any, Defendant should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will dismiss the case on the basis that Plaintiff has three strikes and may not proceed IFP.

Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

## V. CONCLUSION

In summary, the Court **DIRECTS** the **CLERK** to **CONSOLIDATE** CV 326-040 and CV 326-057, **TERMINATE** any pending motions in CV 326-057, and **CLOSE** case CV 326-057. Plaintiff's case shall proceed **ONLY** as CV 326-040, and any future filings shall be captioned and filed under CV 326-040.

Moreover, Plaintiff has accumulated at least three strikes against him and it is unclear whether he meets the imminent danger exception. Accordingly, he is **DIRECTED** to file an amended complaint within fourteen days from the date of this Order. As a result, his motions for an extension of time to file his answer are **DENIED** as **MOOT**. (CV 326-040, doc. nos. 11, 12). Because the Court is granting

Plaintiff the opportunity to provide details on whether he meets the imminent danger exception, his Motions to Proceed under Imminent Danger of Serious Physical Injury Exception (CV 326-040, doc. nos. 4, 8), are **DENIED** as **MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 1st day of October, 2026.

UNITED STATES DISTRICT JUDGE